CV 14 5727

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ORIGINAL KUNTZ, J.

GO, M.J.

NICHOLAS TAYLOR,

Plaintiff,

COMPLAINT

- against -

THE CITY OF NEW YORK, DEPENDABLE CREDIT CORP, TOW AUTHORITY, INC., SCOFFLAW TOW IT, INC., JULIAN SANTOS, VILIO CRUZ, ANGELO CRUZ, JOSUE PUJOLS aka JOSUE VASQUEZ, and Police Officer "JOHN" KAMANA, the first name being fictitious and currently unknown, an employee of the New York City Police Department,

RECEIVED
SEP 30 2014
PRO SE OFFICE

Defendants.

**Jury Trial Demanded**

Nicholas Taylor alleges the following upon information and belief as his Complaint:

## Nature of the Action

1. This action arises from the October 1, 2013 wrongful repossession of Nicholas Taylor's automobile and the arrest and injury of plaintiff. Mr. Taylor seeks compensatory and punitive damages for violation of his statutory rights under 15 U.S.C. §1692, the Fair Debt Collection Practices Act and his civil rights under 42 U.S.C. §1983.

## Jurisdiction and Venue

2. This action arises under the United States Constitution and 42 U.S.C. §1983 and under 15 U.S.C. §1692. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3) and 15 U.S.C. §1692k(d). Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

3. The Eastern District is the proper venue under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred therein.

Parties

4.     Plaintiff NICHOLAS TAYLOR ("plaintiff" or "Mr. Taylor") is a resident of Kings County in the City and State of New York.

5.     Mr. Taylor is a "consumer" as defined by 15 U.S.C. §1692a(3)

6.     Defendant DEPENDABLE CREDIT CORP is a domestic corporation authorized to and transacting business in the State of New York.  DEPENDABLE CREDIT is engaged in the business of financing and accepting assignment of automobile finance contracts.

7.     Defendant DEPENDABLE CREDIT CORP is a "debt collector" as defined by 15 U.S.C. §1692a(6) and, at all times relevant, was attempting to collect a "debt" as defined by 15 U.S.C. §1692a(5).

8.     At all times relevant, defendant DEPENDABLE CREDIT CORP employed or contracted with defendants and others involved in the incident underlying this lawsuit.

9.     Defendant TOW AUTHORITY INC. is a domestic corporation authorized to and transacting business in the State of New York.

10.    Defendant TOW AUTHORITY is a "debt collector" as defined by 15 U.S.C. §1692a(6) and, at all times relevant, was attempting to collect a "debt" as defined by 15 U.S.C. §1692a(5).

11.    At all times relevant, defendant TOW AUTHORITY employed or contracted with defendants and others involved in the incident underlying this lawsuit.

12.    Defendant SCOFFLAW TOW IT, INC. is a domestic corporation authorized to and transacting business in the State of New York.

13.    Defendant SCOFFLAW TOW IT is a "debt collector" as defined by 15 U.S.C. §1692a(6) and, at all times relevant, was attempting to collect a "debt" as defined by 15 U.S.C. §1692a(5).

14.    At all times relevant, defendant SCOFFLAW TOW IT employed or contracted with defendants and others involved in the incident underlying this lawsuit.

15. Defendants' DEPENDABLE, TOW AUTHORITY, and SCOFFLAW TOW IT employees, contractors, or agents involved in the incident underlying this lawsuit were, at all times relevant, acting within the scope of their employment, agency, or contract and their acts and omissions are non-delegable and vicariously imputed to DEPENDABLE, TOW AUTHORITY, and SCOFFLAW TOW IT by way of *respondeat superior*.

16. Defendant JULIAN SANTOS was at all times relevant an agent, contractor or employee of defendant DEPENDABLE acting within the scope of his employment, agency, or contract. Defendant SANTOS is a "debt collector" as defined by 15 U.S.C. §1692a(6) and, at all times relevant, was attempting to collect a "debt" as defined by 15 U.S.C. §1692a(5).

17. Defendant VILIO CRUZ was at all times relevant an agent, contractor or employee of defendant DEPENDABLE acting within the scope of his employment, agency, or contract. Defendant VILIO CRUZ is a "debt collector" as defined by 15 U.S.C. §1692a(6) and, at all times relevant, was attempting to collect a "debt" as defined by 15 U.S.C. §1692a(5).

18. Defendant ANGELO CRUZ was at all times relevant an agent, contractor or employee of defendant DEPENDABLE acting within the scope of his employment, agency, or contract. Defendant ANGELO CRUZ is a "debt collector" as defined by 15 U.S.C. §1692a(6) and, at all times relevant, was attempting to collect a "debt" as defined by 15 U.S.C. §1692a(5).

19. Defendant JOSUE PUJOLS aka JOSUE VASQUEZ was at all times relevant the owner and operator of SCOFFLAW TOW IT and TOW AUTHORITY or is a employee of those defendants acting within the scope of his employment. Defendant PUJOLS is a "debt collector" as defined by 15 U.S.C. §1692a(6) and, at all times relevant, was attempting to collect a "debt" as defined by 15 U.S.C. §1692a(5).

20. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times

-3-

relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

21.     Defendant "JOHN" KAMANA was at all times relevant a duly appointed and acting employee of the City of New York acting within the scope of his employment by Defendant City's Police Department and assigned of the New York City Police Department's 73rd Precinct in Brooklyn, New York.

22.     At all times relevant, the defendant Kamana was acting under color of state law.

## Notice of Claim

23.     On October 16, 2013 and within ninety days after the claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

24.     The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

25.     The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

26.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

27.     This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

## Facts Underlying
## Plaintiff's Claims for Relief

28.     On October 1, 2013 at approximately 4:30 p.m., Nicholas Taylor was at his home with his father and a brother when a neighbor alerted them that their garage was being broken into.

-4-

29.     Plaintiff found men, one of whom identified himself as Julian Santos, had broken open the locked garage, damaging the garage door, and were attempting to take plaintiff's automobile.  The rear of the auto was still in the garage.  The front was on the sidewalk.

30.     On or about November 9, 2012, plaintiff purchased for approximately twenty-five thousand dollars ($25,000) a 1999 Porsche 911 Carrera bearing Vehicle Identification Number WP0AA299XXS625728 (the "auto" or the "car").

31.     Plaintiff made a downpayment of eleven thousand and seventy-four dollars and fifty cents ($11,074.50) under a retail installment contract.

32.     Defendant Dependable Credit financed the additional fourteen thousand twenty-seven dollars and sixty-seven cents ($14,027.67).

33.     Under the contract, plaintiff was to pay Dependable Credit forty-eight monthly payments of four hundred and sixty four dollars and thirty-four cents ($464.34) for a total of twenty-two thousand two hundred and eight-eight dollars and thirty-two cents ($22,288.32).

34.     After taking possession of the auto, Mr. Taylor kept the auto in a locked garage at his home in Brooklyn.

35.     Plaintiff made payments to Dependable under the contract.  Plaintiff missed two payments in August and September 2013 and had, before the October 1, 2013 incident, several telephone conversations with Dependable staff about getting current with the loan.

36.     Defendant Santos told plaintiff that he had been sent to repossess the vehicle, yet did not produce any paperwork to that effect.

37.     Mr. Taylor sat in the driver's seat with the door open while police were summoned about the break-in.

38.     Police Officer Kamana and others arrived and spoke briefly with defendant Santos.

39.     Defendant Kamana then directed Mr. Taylor to step out of the vehicle.  Plaintiff asked why and was again ordered from the vehicle.

-5-

40.     Mr. Taylor began to get out of the auto, but, before he could, defendant Kamana grabbed Taylor and pulled his from the car, striking plaintiff's head against the door frame.

41.     Plaintiff was handcuffed and searched by defendant Kamana.

42.     Plaintiff was taken by Kamana to a police vehicle and as Kamana was about to put Mr. Taylor into the patrol car he said to plaintiff "I don't know why niggers buy things they can't afford." Defendant Kamana then caused plaintiff's head to strike the police vehicle as plaintiff was entering the car.

43.     Defendants Santos, Cruz, and Cruz then finished pulling the automobile from the garage. The auto was damaged during this.

44.     Defendants Santos, Cruz, and Cruz then, using their automobile, pushed the plaintiff's auto several blocks away, to approximately Broadway and Chauncey Street in Brooklyn.

45.     Defendants Santos, Cruz, and Cruz were met there by, upon information and belief, defendant Pujols, who was driving a tow truck marked with the name of defendant Tow Authority, Inc.

46.     The defendants then had the auto towed from that location to, upon information and belief, Dependable Credit's parking lot in Yonkers, New York. During the tow from Brooklyn and during the travel to Yonkers, the auto was further damaged.

47.     On or about October 7, 2013, Mr. Taylor tendered to Dependable Credit a check for fourteen thousand five hundred and forty-one dollars ($14,541) as full payment remaining due under the contract. The auto was returned to him.

48.     The auto sustained substantial damage, including damage to the front end, transmission, tire rims, and rotors. Stripped from the auto were, among other things, brake struts, some exterior lights, two engine mounts, sway bars, and bushings.

49.     Mr. Taylor has thus far spent more than ten thousand dollars ($10,000) repairing the damage, with an estimated additional fifteen thousand dollars ($15,000) needed to return the auto to the condition it was in before it was wrongfully-repossessed and damaged.

50.     As a result of the acts and omissions of defendant Kamana and other City employees, Mr. Taylor suffered physical injury, including a head injury and concussion, neck and back pain, pain to both wrists, and post-traumatic headaches and dizzines.  Mr. Taylor received medical care for the injuries at Methodist Hosital in Brooklyn and Montefirore in the Bronx.

51.     The foregoing acts and omissions caused the plaintiff to suffer loss of liberty, damage to and deprivation of property, financial loss, physical injury, emotional upset and trauma, and deprivation of his constitutional rights, among other injuries.

52.     The defendants, at all times relevant, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and well-being.

<div align="center">

FIRST CLAIM FOR RELIEF FOR
VIOLATING THE FAIR DEBT COLLECTION ACT

</div>

53.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

54.     The conduct of the defendants other than the City of New York and Kamana conduct in breaking into closed private property and defendants Santos verbally threatening plaintiff constituted harassment and abuse prohibited by 15 U.S.C. §1692d(1) and (2).

55.     The conduct of defendants Santos, Cruz, and Cruz in adorning themselves with badges constituted false or misleading representations prohibited by 15 U.S.C. §1692e(1).

56.     Defendant Kamana's conduct in facilitating the automobile repossession constituted harassment and abuse prohibited by 15 U.S.C. §1692d(1).

57.     Nicholas Taylor has been damaged thereby and is entitled to damages under 15 U.S.C.§1692k.

<div align="center">-7-</div>

## SECOND CLAIM FOR RELIEF FOR
## WRONGFUL REPOSSESSION UNDER NEW YORK STATE LAW

58.    Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

59.    The conduct of the defendants other than the City of New York and Kamana violated U.C.C. 9-609 and constituted breach of peace.

60.    The conduct of defendant City's employees complained of herein violated U.C.C. §9-609, constituted breach of peace, and allowed repossession of the automobile with neither lawful self-help nor judicial process..

61.    Nicholas Taylor has been damaged thereby and is entitled to damages under U.C.C. §9-625.

### THIRD CLAIM FOR CONVERSION

62.    Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

63.    The defendants other than the City of New York and Kamana intentionally and without authority exercised control over the automobile, including damaging the automobile during the repossession and storage, thereby interfering with plaintiffs' right of possession and use.

64.    Nicholas Taylor has been damaged thereby.

### FOURTH CLAIM FOR NEGLIGENCE

65.    Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

66.    Defendants other than the City of New York and Kamana intended to take possession of the automobile, did seize and deliver possession to Tow Authority and then to Dependable Credit, which accepted the property.

-8-

67.     The defendants failed to exercise proper care, custody, and control of the automobile, during repossession and storage, resulting in damage to the automobile.

68.     Nicholas Taylor has been damaged thereby.

## FIFTH CLAIM FOR RELIEF FOR NEGLIGENCE

69.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

70.     The acts complained of herein resulted from defendants Dependable Credit and Tow Authority failed to exercise proper care selecting/screening, assigning, training, supervising, monitoring, or disciplining agents, employees, and contractors responsible for extrajudicial repossession of collateral, to wit, automobiles, thereby causing plaintiff's injuries.

71.     This failure constitutes acquiescence in and tolerance of ongoing wrongful repossessions and allowed the individual defendants to believe that they could with impunity seize the automobile.

72.     Upon information and belief, defendant Dependable Credit and Tow Authority knew or should have known through the exercise of reasonable diligence of the ongoing wrongful repossessions.

73.     As a consequence thereof, Nicholas Taylor has been injured.

## SIXTH CLAIM FOR RELIEF FOR
## VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM
## UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
## FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

74.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

75.     By the actions described above, defendant Kamana detained, arrested, and searched plaintiff without legal cause.  Mr. Taylor was not free to leave during the encounter.

76.     Mr. Taylor was thereby deprived of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

77.     As a consequence thereof, Nicholas Taylor has been injured.

### SEVENTH CLAIM FOR RELIEF FOR UNLAWFUL ARREST

78.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

79.     By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed.  Plaintiff was aware of and did not consent to the confinement.  Plaintiff was thereby falsely arrested and imprisoned.

80.     As a consequence thereof, Nicholas Taylor has been injured.

### EIGHTH CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

81.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

82.     Defendants Kamana, in twice striking plaintiff's head during the encounter, used unreasonable, unnecessary and excessive force not justified by any circumstance, thereby violating Plaintiff's rights under the Fourth Amendment to the United States Constitution.

83.     As a consequence thereof, Nicholas Taylor has been injured.

### NINTH CLAIM FOR RELIEF FOR ASSAULT

84.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

-10-

85.     By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

86.     As a consequence thereof, Nicholas Taylor has been injured.

### TENTH CLAIM FOR RELIEF FOR BATTERY

87.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

88.     By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

89.     As a consequence thereof, Nicholas Taylor has been injured.

### Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered that his rights under the United States Constitution were violated, together with:

(A)     Compensatory damages in an amount to be fixed at trial;

(B)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial from all Defendants other than the City of New York;

(C)     An award to plaintiff of the costs and disbursements herein;

(D)     An award of attorney's fees under 42 U.S.C. §1988; and

(E)     An award of attorney's fees under 15 U.S.C. §1692k(a)(3); and

(F)     Such other and further relief as this Court may deem just and proper.

Dated: September 30, 2014
       Brooklyn, New York

Nicholas Taylor

-11-

17 VANDAlia Ave
Apt 6E
Brooklyn, NY
11239

917 685 8379

To:  CITY OF NEW YORK
     100 Church Street
     New York, New York 10007

     DEPENDABLE CREDIT CORP.
     258 Saw Mill River Road
     Yonkers, New York 10701

     TOW AUTHORITY, INC.
     412 Maspeth Avenue
     Brooklyn, New York 11211

     SCOFFLAW TOW IT, INC.
     4617 104th Street
     Queens, New York 11368

JULIAN SANTOS
4617 104th Street
Queens, New York 11368

VILIO CRUZ
4617 104th Street
Queens, New York 11368

ANGELO CRUZ
4617 104th Street
Queens, New York 11368

JOSUE PUJOLS aka JOSUE VASQUEZ
412 Maspeth Avenue
Brooklyn, New York 11211

"JOHN" KAMANA
New York City Police Department
73rd Precinct
470 East New York Avenue
Brooklyn, New York 11212